IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME WANT,
    *Plaintiff*,

v.

BULLDOG FEDERAL CREDIT
UNION, *et al.*,
    *Defendants*.

Civil Action No. ELH-19-2827

**MEMORANDUM**

In an Amended Complaint (ECF 6), Jerome Want, the self-represented plaintiff, lodged a host of claims against multiple defendants, arising out of a dispute concerning his credit union account. He has sued Bulldog Federal Credit Union ("Bulldog" or "BFCU");[1] David Barrett, the president of Bulldog; Bulldog's Board of Directors (the "Board"); the National Credit Union Administration (the "NCUA"); Rodney Hood, the president of the NCUA; and Jessica Barnes, an employee of Bulldog.

As to BFCU, Barrett, the Board, and Barnes, Mr. Want alleges a "Violation of the U.S. Fair Credit Reporting Act" (the "FCRA") (Count I); "Retaliation" (Count II); "Tortious Interference" (Count III); "Defamation" (Count IV); "Fraud & Breach of Contract" (Count V); "Violation of the Americans with Disability Act" (Count VI); "Gross Mismanagement & Malfeasance" (Count VII); and "Lack of Good Faith." As to the NCUA, Want alleges "Malfeasance & Failure to Perform" (Count I); "Breach of Contract" (Count II); "Negligence" (Count III); "Lack of Good Faith" (Count IV); and "Fraud" (Count V).

---

[1] Mr. Want spells the name of the credit union "Bull Dog." But, the entity spells its name as "Bulldog." *See* ECF 15. I shall adopt defendant's spelling.

Bulldog and Barrett jointly answered the Amended Complaint. ECF 15. Barnes filed a motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF 10. The Board also moved to dismiss for failure to state a claim. ECF 14. By Order of July 6, 2020, I granted both motions and dismissed the suit, without prejudice, as to both Barnes and the Board. ECF 24.

NCUA and Hood moved to dismiss the Amended Complaint for failure to effectuate service of process on the United States Attorney for the District of Maryland and the Attorney General of the United States, as required by Fed. R. Civ. P. 4(i). ECF 27. By Order of August 18, 2020 (ECF 31), I denied that motion to dismiss, without prejudice to defendants' right to renew. However, I directed plaintiff to effect service of process on the United States Attorney and the Attorney General by October 1, 2020. *Id.*

By October 1, 2020, the docket still did not reflect service of process on the United States Attorney or the Attorney General. Therefore, by Order of October 1, 2020, I granted plaintiff yet another opportunity to cure the deficiency; I directed plaintiff to effectuate service on the United States Attorney and the Attorney General by October 30, 2020. ECF 37.

The docket still does not reflect service of process on the United States Attorney or the Attorney General, pursuant to the orders of August 18, 2020 and October 1, 2020. *See* Docket. As a result, the NCUA and Mr. Hood have again moved to dismiss for failure to effect service of process on the United States Attorney and the Attorney General, as required under Fed. R. Civ. P. 4(i). ECF 48 (the "Motion"). Mr. Want opposes the NCUA Motion in two separate filings. ECF 50; ECF 52-1. And, defendants have replied. ECF 54.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion, without prejudice.

**I.     Discussion[2]**

As noted, NCUA and Hood have moved to dismiss the suit based on plaintiff's failure to effectuate service of process on two federal officials. Fed. R. Civ. P. 12(b) provides that, before submitting a responsive pleading, a defendant may move to dismiss a complaint for "(4) insufficient process" or "(5) insufficient service of process."

Service of process is a prerequisite for litigating in federal court. In its absence, a court simply lacks personal jurisdiction over the defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019).

Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[ ] of the summons and complaint."  5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004, Supp. 2016).  And, of relevance here, a pro se litigant must adhere to the Federal Rules of Civil Procedure. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113, (1993); *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam); *Danik v. Hous. Auth. of Balt. City*, 396 F. App'x 15, 16–17 (4th Cir. 2010) (per curiam).

"Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).  Thus, Mr. Want bears the burden of showing that service has been properly effected. *See Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam). And, under

---

[2] I incorporate here by reference all relevant background information as contained in my Memorandum Opinion of July 6, 2020. *See* ECF 23.

3

Fed. R. Civ. P. 12(b)(5), a defendant may seek dismissal of the suit for "insufficiency of service of process." *See Archie v. Booker*, DKC-14-0330, 2015 WL 9268572, at *2 (D. Md. Dec. 21, 2015).

Of relevance here, Rule 4(i) requires that a plaintiff who brings an action against a federal agency or a federal employee for "an act or omission occurring in connection with duties performed on the United States' behalf" must serve a summons and a copy of the complaint on the agency, the individual, the United States Attorney, and the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i). The NCUA is an independent federal agency of the United States. *See* Federal Credit Union Act ("FCUA"), 12 U.S.C. §§ 1751 *et seq.*; *About NCUA*, https://www.ncua.gov/about. And, Hood is Chairman of the NCUA Board. Therefore, plaintiff is required to serve the United States Attorney for the District of Maryland and the Attorney General of the United States.

Further, under Rule 4(m), a plaintiff must serve a defendant "within 90 days after the complaint is filed." If a defendant is not served within that time, "the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Rule 4(m) provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* In the context of Rule 4(m), "good cause" entails "some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). This occurs "when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Id.*

Several district judges within the Fourth Circuit have observed that it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the service deadline, in the absence of good cause. *See, e.g., Escalante v. Tobar Constr.*, PX-18-980, 2019 WL 109369, at *1 n.1 (D.

4

Md. Jan. 3, 2019); *Lehner v. CVS Pharmacy*, RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, JFM-05-1747, 2005 WL 3593743 (D. Md. Dec. 22, 2005); *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005). Nevertheless, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman*, 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3. Notably, courts in this district have concluded that dismissal is appropriate where the court reminds the plaintiff of his obligation under Rule 4, and he nonetheless fails to effect service of process. *See, e.g., Combs v. Shapiro & Burson LLP*, GJH-15-846, 2016 WL 1064459, at *4 (D. Md. Mar. 14, 2016); *McGinley v. Cent. Mortg. Co.*, TDC-14-3280, 2015 WL 5052762, at *2 (D. Md. Aug. 25, 2015).

Plaintiff filed suit on September 25, 2019 (ECF 1), and he filed an Amended Complaint on October 30, 2019. ECF 6. Therefore, pursuant to Rule 4(m) and Rule 4(i), plaintiff was required to serve the United States Attorney and the Attorney General by January 28, 2020. By Order of August 18, 2020, I found that plaintiff had failed to effect service on either party. ECF 31. But, I explained that because Mr. Want is proceeding pro se and has tried to comply with the Court's previous directives, I would construe Rule 4 liberally. Thus, I declined to dismiss the Amended Complaint on that basis. However, I directed plaintiff to effect service of process on the United States Attorney and the Attorney General by October 1, 2020. *Id.*

As indicated, by Order of October 1, 2020 (ECF 37), I determined that the docket still did not reflect service of process on either the United States Attorney or the Attorney General, pursuant to the Order of August 18, 2020. But, because of plaintiff's self-represented status and his medical ailments, I granted him another opportunity to cure this deficiency. *Id.* And, I directed plaintiff to

effect service on the United States Attorney and the Attorney General by October 30, 2020, or alternatively, to show cause as to why the claims against NCUA and Hood should not be dismissed. *Id.* at 2.

To date, plaintiff has not provided any evidence or indication that he served or even attempted to serve the United States Attorney or the Attorney General. *See* Docket; *see* ECF 38. Rather, plaintiff posits that he has "NEVER heard from NCUA's legal representation [sic] in any manner since he filed his complaint…." ECF 50 at 1. And, he complains that "NCUA's legal counsel failed to respond to the initial complaint within the SIXTY (60) days as stipulated…" *Id.* (emphasis in original). In his second opposition filing, plaintiff asserts that "NCUA NEVER notified the plaintiff of their motion to be dismiss [sic] from the suit violating court rules—TYPICAL OF THIS LOATHSOME AND OAFISH GOVERNMENT AGENCY that cannot fulfill even a modicum of competence or its mission." ECF 52-1 at 1 (emphasis in original).

To be clear, Mr. Want asserts that proper service was made on NCUA. ECF 50 at 2. Indeed, the docket reflects service on NCUA and Mr. Hood on November 13, 2019 and November 19, 2019, respectively. *See* ECF 16. However, plaintiff labors under the misconception that service on NCUA and Hood is sufficient to satisfy his obligations under Rule 4. But, as I have tried to explain, he is also required to serve the United States Attorney for the District of Maryland and the Attorney General. This he has failed to do.

Nonetheless, plaintiff requests more time to effect service because he is in the process of recovering from "recurring heart disease." ECF 50 at 2. He also notes that the case has been delayed because the "covid-19 virus has stopped the functioning of government…." *Id.*

Because of plaintiff's self-represented status and the challenges posed by the ongoing pandemic and his medical ailments, I will grant him one final opportunity to cure this deficiency.

Accordingly, I shall deny the Motion, without prejudice to defendants' right to renew their arguments. Plaintiff is directed to complete the U.S. Marshal and summons forms for service on the United States Attorney and the Attorney General and return them to the Clerk, with service copies of the Amended Complaint, within 30 days of the docketing of this Order. Once the forms and service copies of the suit are received, the Clerk and U.S. Marshal are directed to take all necessary steps to effectuate service of process.

An Order follows.

Date: April 28, 2021                                    /s/
                                                                Ellen L. Hollander
                                                                United States District Judge