IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME WANT                          *

    Plaintiff,                       *

    v.                               *        Civil Case No.: 1:19-cv-02827-JMC

BULLDOG FEDERAL
CREDIT UNION et al                   *

    Defendants.                      *

    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

Jerome Want, a *pro se* Plaintiff, instituted this action, which arises out of a dispute concerning his credit union account. Notably, for purposes of this opinion, Plaintiff sued Bulldog Federal Credit Union ("BFCU"); David Barrett, President of BFCU; the National Credit Union Administration (the "NCUA"); and Rodney Hood, President of the NCUA. (ECF Nos. 6; 64). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 40; 43; 58). Pending before this Court are four motions: (1) BFCU's Motion to Compel Discovery and for Sanctions (ECF No. 44); (2) Defendants BFCU's and Barrett's Motion for Summary Judgment (ECF No. 45); (3) Defendants NCUA's and Hood's Third Motion to Dismiss for Lack of Prosecution (ECF No. 62); and (4) Plaintiff's Motion to Dismiss without Prejudice as to Defendants NCUA and Hood (ECF No. 66).

The issues have been briefed and no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2018). For the reasons more fully explained below: (1) Defendant BFCU's Motion to Compel Discovery and for Sanctions is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE; (2) Defendants BFCU's and Barrett's Motion for Summary Judgment is DENIED

1

WITHOUT PREJUDICE; (3) Defendants NCUA's and Hood's Third Motion to Dismiss is DENIED AS MOOT; and (4) Plaintiff's Motion to Dismiss, treated as a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure ("FRCP") 41 is GRANTED.

## BACKGROUND

### A.    *Motion to Compel and for Sanctions, and Motion for Summary Judgment*

BFCU propounded discovery to Plaintiff by first class mail postage prepaid on August 21, 2020. (ECF No. 44 at 2). Specifically, Defendants propounded interrogatories pursuant to FRCP 33 and Requests for Production of Documents pursuant to FRCP 34. *Id.* On September 22, 2020, BFCU sent an informal request to Plaintiff advising that Plaintiff's discovery responses were overdue. *Id.*; ECF No. 44-3. On September 24, 2020, Plaintiff responded from a previously unknown email address with an attachment containing unsigned, handwritten, and evasive responses to the interrogatories. (ECF Nos. 44 at 2; 44-4). More precisely, Plaintiff's responses stated that: (1) BFCU "has all such info[rmation]" for interrogatories 1, 5, and 12; (2) Plaintiff was "not sure at this time" of the answers to Interrogatories 3,4, and 8; (3) a response "will come later" to interrogatory 7. (ECF No. 44 at 2-3; 44-4). Plaintiff referred Defendants back to the Complaint for interrogatories 9, 11, and 14, and failed to answer interrogatory 10. *Id.* BCFU did not receive any responses to the Requests for Production of Documents. (ECF No. 44 at 3).

On September 24, 2020, after receiving Plaintiff's initial responses to interrogatories, BCFU notified Plaintiff that the responses were inadequate. (ECF Nos. 44 at 3; 44-5). BFCU advised Plaintiff that he "must respond to discovery fully as described," and that "it is not sufficient to provide the above responses." (ECF No. 44-5). BFCU requested Plaintiff's amended response by October 4, 2020 and warned that, if no response was received by that date, Defendants would file the instant Motion to Compel and for Sanctions. *Id.* Defendants again requested a status as to

Plaintiff's discovery responses via email on September 28, 2020. (ECF Nos. 44 at 3;44-6). Plaintiff's email response stated, "[y]ou will hear in good time." (ECF No. 44-6). Counsel for Defendants replied, "I am uncertain as to your response," and, again, requested that Plaintiff advise "when responses will be provided." *Id.* Plaintiff's final message in the email chain used profanity and derogatory language toward BCFU's counsel: "That is because you are a passive aggressive, stupid debt collector bitch. Understand that English." (ECF Nos. 44 at 3; 44-6).[1]

Defendant BFCU filed the instant Motion to Compel and for Sanctions, and Defendants BFCU and Barrett filed the instant Motion for Summary Judgment on October 12, 2020. (ECF Nos. 44 & 45). The Clerk of the Court issued a Rule 12/56 Notice on October 27, 2020, advising Plaintiff of his right to file a written response to Defendants BFCU's and Barrett's motion for summary judgment within 28 days. (ECF No. 46). The Rule 12/56 Notice prominently warned Plaintiff that "[i]f you do not file a timely written response, or if your response is inadequate, the Court may dismiss the case or enter judgment against you without further opportunity to present written argument. If you file no written response, the Court will resolve the case based on the materials submitted by defendant(s)." *Id.* Plaintiff failed to file a response, and the time to do so has now passed. *See* Docket.

---

[1] Plaintiff emailed Counsel for Defendants BFCU and Barrett again on September 30, 2020. In that email, Plaintiff forwarded a BFCU account statement and wrote:

> See below. WHAT DID I TELL YOU
> I have not received one of these for nearly
> a year. You client closed my accts.
> that's what this legal action is about.
> I will file a complaint against you
> With the state bar ethics committee,.
> This is your doing bitch

(ECF No. 44-6 at 3) (errors in original).

To date, Plaintiff has not provided any further response to Defendants BFCU's and Barrett's interrogatories or requests for production of documents.

**B.**    *Motions to Dismiss*

On April 28, 2021, U.S. District Judge Ellen Hollander issued a Memorandum Opinion (ECF No. 56) and Order (ECF No. 57) denying, without prejudice to Defendants' right to renew, NCUA's and Hood's Second Motion to Dismiss. Judge Hollander detailed Plaintiff's failure to serve the United States Attorney for the District of Maryland and the Attorney General of the United States, pursuant to FRCP 4(i), and granted Plaintiff "one final opportunity to cure this deficiency." (ECF No. 56 at 6). Judge Hollander afforded Plaintiff 30 days from the docketing of the Order to complete U.S. Marshal and summons forms for service on the United States Attorney and the Attorney General, and return them to the Clerk's office. *Id.* This established a deadline of May 28, 2021. On May 12, 2021, Plaintiff mailed a letter to the Court noting his consent to proceed before a U.S. magistrate judge, and that Judge Hollander's April 28 Memorandum Opinion "was just received on May 7, 2021." (ECF No. 58 at 1). Plaintiff sought an additional seven days "to respond to the memorandum." *Id.*

On May 26, 2021, this Court docketed an Order concerning transfer of the action to a U.S. magistrate judge. (ECF No. 60). The May 26, 2021 Order granted Plaintiff's request for additional time and provided that "Plaintiff may have a seven-day extension to complete the service of process and summons forms. Plaintiff must return these forms to the Clerk no later than June 4, 2021, so that the U.S. Marshal may effectuate service of process, or risk dismissal of Defendant Rodney Hood and Defendant National Credit Union Administration from this action." *Id.* at 1.

On June 4, 2021, the docket did not reflect that Plaintiff completed the requisite forms or return same to the Clerk's office. *See generally,* Docket. Therefore, that same day, Defendants

Hood and NCUA filed a Third Motion to Dismiss for Lack of Prosecution (ECF No. 62), principally detailing Plaintiff's failure to effect service of process. The Clerk's office mailed Plaintiff a Rule 12/56 Notice informing Plaintiff of his right to file a response. (ECF No. 63). Plaintiff did not file a response; instead, on June 14, 2021, the Clerk's office received an Amended Complaint filed by Plaintiff and against only Defendants NCUA and Hood. (ECF No. 64). Two days later, the Clerk's office received an additional letter correspondence from Plaintiff, which provided in full:

> COMES NOW THE PLAINTIFF, Jerome Want, with his motion to dismiss WITHOUT PREJUDICE, his civil legal action action [sic] [against] National Credit Union Administration and Rodney Hood, Chairman of the NCUA. Plaintiff will refile this suit at a later date separately.

(ECF No. 66).

## STANDARD OF REVIEW

BFCU has moved for sanctions—namely dismissal—pursuant to Federal Rule of Civil Procedure 37. (ECF No. 44 at 7).

A court has wide discretion to impose a variety of sanctions, including dismissal, when a plaintiff fails to prosecute his or her case, or a party fails to comply with the Federal Rules of Civil Procedure, or a court order. *See* Fed. R. Civ. P. 37(b)[2], 37(d)[3], 41(b)[4]; *see also Link v. Wabash R.R. Co.*, 270 U.S. 626, 629–31 (1962); *Mut. Fed. Savs. & Loan Ass'n. v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989); *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–06 (4th

---

[2] If a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

[3] "The court where the action is pending may, on motion, order [Rule 37(b)(2)(A)(i)–(vi)] sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(ii).

[4] FRCP 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the FRCP] or a court order, a defendant may move to dismiss the action or any claim against it."

Cir. 1977); *Hillig v. IRS*, 916 F.2d 171, 174 (4th Cir. 1990).  The Fourth Circuit has made clear that "dismissal with prejudice is a 'harsh sanction which should not be invoked lightly.'" *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (citation omitted).  Indeed, it is for this reason that dismissal with prejudice is "ordinarily reserved for the most egregious cases."  *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998).

Before a court may impose dismissal as a sanction under Rule 37, the Court must consider the following factors derived from *Wilson*: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions."  *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92 (citing *Wilson*, 561 F.2d at 503–06); *see also Diamond v. Bon Secours Hosp.*, Civ. No. WMN-09-865, 2010 WL 2696632, at *6–7 (D. Md. July 6, 2010) ("Prior to dismissal under Rule 41(b), the court must consider four similar factors: '(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'") (quoting *Hillig v. IRS*, 916 F.2d 171, 174 (4th Cir. 1990))).  The Fourth Circuit has further stated that

> when exercising its power to dismiss as a sanction, a court must consider: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients;[5] (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

---

[5] The Court notes that, because Plaintiff elected to proceed *pro se* during the relevant time period, he alone is responsible for his actions.

*Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019). Finally, "before dismissing a case with prejudice, the district court must give the noncomplying party a[n] 'explicit and clear' warning of the consequences of failing to satisfy the court's conditions and orders." *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007).

## DISCUSSION

### A. *Motion for Sanctions or to Compel Discovery*

Defendant BFCU argues that the *Wilson* factors support the sanction of dismissal. While many of the *Wilson* factors tend to support Defendant BFCU's position, the Fourth Circuit's additional requirement that a plaintiff is entitled to an "explicit and clear" warning before suffering dismissal of their case causes this Court to disagree with Defendant BFCU's requested sanction.

#### 1.   Bad Faith, Prejudice, Deterrence, and Less Drastic Sanctions

Plaintiff's failure to provide adequate discovery responses to interrogatories or otherwise respond to requests for production—all while filing documents with this Court and maintaining periodic contact with Defense Counsel—amounts to bad faith. (ECF Nos. 44 at 2-3; 44-4; 44-6). A party's noncompliance with discovery orders may provide the basis for a finding of bad faith. *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 93.

Notably, the original scheduling order in this case expressly noted that, while acting *pro se* "plaintiff is responsible for compliance with applicable court rules," and provided in pertinent part:

> All discovery shall be completed by November 25, 2020. Discovery includes depositions, "interrogatories" (which are a series of written questions sent to the opposing party, to be answered in writing under oath), and requests for production of documents. Discovery requests must be served on the opposing party sufficiently early to ensure that they are answered prior to this discovery deadline.

(ECF No. 25 at 1; 3).

Rule 33 governs interrogatories and requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The responding party must serve its answers and objections within thirty days of service. Fed. R. Civ. P. 33(b)(2). Rule 34 governs requests for production of documents and provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *see also Nat'l Fire Ins. Co. v. Jose Trucking Corp.*, 264 F.R.D. 233, 236 (W.D. N.C. 2010).

Defendants BFCU and Barrett propounded interrogatories and requests for production to Plaintiff by first class mail postage prepaid on August 21, 2020. (ECF No. 44-1). Defendants notified Plaintiff that his responses were past due by letter dated September 22, 2020. (ECF Nos. 44 at 2; 44-3). As detailed above, Plaintiff's untimely responses to interrogatories were incomplete, plainly evasive, and not under oath. *Id.* Despite BFCU's and Barrett's requests for amended responses, Plaintiff has failed to further respond other than with vulgarity. Defendants have not received any response to the Requests for Production of Documents, despite repeated requests for the same. (ECF Nos. 44 at 3; 44-5; 44-6). Plaintiff was required to produce the documents within thirty days of service. Now, the discovery deadline has come and gone without Plaintiff's meaningful involvement.

Plaintiff's nonparticipation in discovery, combined with repeated use of profane, uncivilized, and derogatory language toward BCFU's counsel evinces evidence of Plaintiff's bad faith approach to this litigation. (ECF Nos. 41 at 3; 44-6 at 1; 3). Plaintiff has maintained periodic contact with Defense Counsel, yet failed to provide the requested information. This demonstrates

a refusal to engage in discovery, which amounts to a "callous disregard for the authority of the district court and the Rules," and forms the indicia of bad faith. *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92.

Worse yet, Plaintiff's conduct has severely prejudiced the Defendants. Plaintiff's failure to produce adequate responses and the requested documents substantially, if not completely, impedes Defendants' ability to defend this action. Accordingly, because he has failed to produce any legitimate evidence in discovery, it is fair to conclude that he has withheld material evidence. Plaintiff's non-responsive approach to discovery has delayed the ultimate resolution of this action, thereby compounding the prejudice to Defendants, and wasting judicial resources. *See Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92 ("[In] flagrant cases . . . not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." (citation omitted)).

2.      Plaintiff's "Clear and Explicit" Warning

Despite the foregoing, dismissal is not yet appropriate in this case because, to date, there has not been a clear and explicit warning that such a sanction may be imposed, as required by the Fourth Circuit. *Malhotra*, 240 F. App'x at 590. As such, the Court takes this opportunity to provide Plaintiff with a clear and explicit warning: Plaintiff's continued bad faith conduct and nonparticipation in discovery, if unabated, will result in the future dismissal of his case.

This Court "expects all litigants, including pro se litigants, to conduct themselves with civility and decorum, both in their filings with the Court and communications with each other, and to litigate in good faith. This Court will not tolerate additional uncivil conduct or filings made with an improper purpose." *Nasser v. WhitePages, Inc.*, 2014 WL 1323170, at *6 (W.D. Va. Apr.

1, 2014). The Court will admonish Plaintiff that his conduct is in violation of the Federal Rules and also does not meet the standards of behavior this Court expects of all litigants. This Court anticipates that such an admonishment will deter future misbehavior and will result in Plaintiff complying with the etiquette of this Court, in addition to following its Orders, specifically, his obligation to comply with all discovery rules of this Court and the Federal Rules of Civil Procedure.

Plaintiff is specifically forewarned that his continued failure to respond to Defendants' valid discovery requests will result in dismissal of his case. Of note, district courts have the authority to dismiss cases under Federal Rule of Civil Procedure 37(d) and 41(b), as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991); *Diamond v. Ben Secours Hosp.*, 2010 WL 2696632, at *6 (D. Md. July 6, 2010) (describing Court's powers under 37(d) and 41(b)). The Court may grant an involuntary dismissal pursuant to either Rule if the *pro se* litigant's refusal to comply with procedural requirements, or court orders, warrants such a sanction.

Accordingly, to satisfy the Fourth Circuit's "clear warning" requirement, the Court will provide Plaintiff with additional time to fulfill his discovery obligation to Defendants, and to this Court. Plaintiff must provide full, complete, and sworn answers to all interrogatories and full and complete responses to the request for production of documents and to deliver or serve the responses and documents to the offices of Defendants' Counsel on or before July 26, 2021. Should that fail to occur, BFCU and Barrett may renew their motion.

As a final note, if Defendants BFCU or Barrett have occasion to refile the motion, the moving Defendants should address the assertions in Plaintiff's unsworn email correspondence to

the Court.  (ECF No. 67).  Plaintiff is additionally instructed that all future correspondences shall be in writing, copied to opposing counsel, and **docketed with the Clerk of Court**.

### B.    *Motion for Summary Judgment*

Defendants BFCU and Barrett move for summary judgment, principally relying on Plaintiff's failure to answer requests for admission.  (ECF No. 45).   Defendants, taking the facts stated in their unanswered requests for admissions as true and conclusively established, assert that they are entitled to judgment as a matter of law for each count contained in his Complaint.  *Id.* at 4–18.

"Requests for admissions are a discovery device governed by Rule 36 of the Federal Rules of Civil Procedure."  *Webb v. Green Tree Servicing*, LLC, Civ. No. ELH-11-2105, 2013 WL 5442423, at *15 (D. Md. Sept. 30, 2013).  This Rule "allows any party to serve on another party requests to admit the truth of facts, the application of law to fact, or opinions relating to matters within the scope of discovery."  *Ball-Rice v. Bd. of Educ. of Prince George's Cty.*, Civ. No. PJM-11-1398, 2013 WL 2299725, at *2 (D. Md. May 24,2013) (citing Fed. R. Civ. P. 36(a)(1)).  The Rule's purpose, as has often been said, is "to 'narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation.'"  *Id.* (citing *Adventis, Inc. v. Consolidated Prop. Holdings, Inc.*, 124 Fed. Appx. 169, 172 (4th Cir. 2005)).

Rule 36(a)(1) provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either; and . . . the genuineness of any described documents."  In responding to a request for admission, "the answering party must either admit the matter requested or, 'if a matter is not admitted, . . . specifically deny it or state in detail why the answering party cannot truthfully admit or deny

it.'"  *Webb*, 2013 WL 5442423, at \*15 (citing Fed. R. Civ. P. 36(a)(4)) (brackets omitted). Furthermore, this Rule permits "a party to admit a matter in part and deny it in part or plead a lack of knowledge or information under certain circumstances."  *Id.*

> The effect of an admission is specified in Rule 36(b), which states that
>
> [a] matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e),[6] the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.  An admission under [Rule 36] is not an admission for any other purpose and cannot be used against the party in any other proceeding.

*Webb*, 2013 WL 5442423, at \*15 (citing Fed. R. Civ. P. 36(b)) (footnote in the original).

Rule 36(a)(3), "establishes the time to respond to a request for admissions and the consequence of an untimely response."  *Id.*  In pertinent part, that portion of the Rule states:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

*Id.*  (citing Fed. R. Civ. P. 36(a)(3)).

Here, it is undisputed that Plaintiff failed provide responses to Defendant's Requests for Admission.  (ECF No. 45 at 12).  Defense Counsel served Plaintiff with nine requests for admissions on August 21, 2020.  (ECF No. 45-1).  Plaintiff neglected to respond within the thirty-day timeframe outlined in FRCP 36(a)(3) and, to date, Plaintiff has not attempted to file belated responses.

Whether or not to prohibit untimely responses to requests for admission, and in turn deem those requests as admitted under Rule 36, is a matter committed to this Court's discretion.

---

[6] "Fed. R. Civ. P. 16(e) provides that a court may modify the [pretrial] order issued after a final pretrial conference only to prevent manifest injustice."  *Webb*, 2013 WL 5442423, at \*16, n. 35 (internal quotations omitted).

*Donovan v. Porter*, 584 F. Supp. 202, 208 (D. Md. 1984). This Court and the Fourth Circuit have stated that late answers to requests for admission may be accepted "when such an amendment of the admission will not prejudice the other party," *Donovan*, 584 F. Supp. at 208, and where there are "compelling circumstances" justifying the untimeliness of the answer. *Metpath, Inc. v. Modern Med.*, 934 F.2d 319 (4th Cir. 1991) (citing *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966), ("Under compelling circumstances the District Court may allow untimely replies to avoid the admission")).

Furthermore, unanswered requests for admission can serve as the basis for summary judgment. *Vales v. Preciado*, 809 F.Supp.2d 422, 426 (D. Md. 2011) ("'[U]nanswered requests for admissions may properly serve as a basis for summary judgment and with a failure to make a timely response, the truth of the matter contained in the request for admission is conclusively established and may serve as the basis for the court's consideration of a motion for summary judgment.'") (quoting *Donovan*, 584 F. Supp. at 207–08; *see also Batson v. Porter*, 154 F.2d 566, 568 (4th Cir. 1946) (holding that unanswered requests for admissions are admitted and may support summary judgment, "unless a sworn statement is filed in which they are specifically denied or specific reasons are given why they cannot be truthfully admitted or denied"); *see also J & J Sports Prods., Inc. v. Mumford*, Civ. No. DKC 10-2967, 2012 WL 1409588, at *3 (D. Md. Apr. 20, 2012). Indeed, in a similar context, this Court has previously warned that under the requirements of Rule 36(a), "the answering party that objects to a request for admissions does so at its own peril," and that the "[f]ailure to adhere to the plain language of this [Rule] requires that the fact in question be admitted." *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 499 (D. Md. 2000) (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)).

The Court recognizes that, in the posture of summary judgment, late responses should not be summarily rejected. *See Donovan*, 584 F. Supp. at 208 ("Courts are particularly responsive to allowing late answers to requests for admission when summary judgment is involved. It does not further the interests of justice to automatically determine the issues of a lawsuit and enter summary judgment against a party because a deadline is missed") (internal citations omitted). Furthermore, courts have been reluctant to enter summary judgment against a *pro se* litigant for missing a filing deadline. *See U.S. v. Turk*, 139 F.R.D. 615, 618 (D. Md. 1991) (holding that the Court would allow the *pro se* defendant to withdrawal his default admissions because admitting these central facts would hinder "the interests of justice" and the Court was "reluctant to use Rule 36 procedures as a snare for this unwary pro se defendant"); *In Re Savage*, 303 B.R. 766, 772 (Bankr. D. Md. 2003) (finding that the *pro se* defendant's failure to respond to requests for admissions did not prejudice the plaintiffs, his mistake was not "frivolous, but rather the uniformed omission of a *pro se* defendant," and thus the unanswered requests were not deemed as admitted). Nonetheless, *pro se* parties are still subject to, and expected to follow, the rules of legal procedures. *See Turk*, 139 F.R.D. at 618 (explaining that *pro se* litigants are subject to legal procedures, but that in this particular case "to conclusively find the facts central to this litigation against the defendant without giving him an opportunity to be heard would not further the interests of justice").

Given Plaintiff's *pro se* status, and the Court's decision to grant Plaintiff one final opportunity to engage in discovery, discussed *supra*, the Court will likewise afford Plaintiff an additional chance to respond to Defendants' requests for admissions. Plaintiff shall also respond to these requests by July 26, 2021. Plaintiff is cautioned that his failure to timely respond by this reset deadline may cause the Court to summarily reject responses provided after July 26, 2021, and deem the matters admitted.

*C.*     ***Motions to Dismiss***

Defendants NCUA and Hood filed their third Motion to Dismiss for Lack of Prosecution on June 4, 2021.  (ECF No. 62).  Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend its pleading once as a matter of course within "21 days after service of a motion under Rule 12(b). . . ."  Here, Plaintiff filed an Amended Complaint on June 14, 2021.  As such, because Plaintiff filed his Amended Complaint within 21 days of Defendants NCUA's and Hood's Motion to Dismiss, Rule 15(a)(1)(B) permits Plaintiff to file the Amended Complaint as a matter of course.

Federal Rule of Civil Procedure 41 provides that a plaintiff may voluntarily dismiss his or her own action, without a court order, "by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  Fed. R. Civ. P. 41(a)(1)(A)(i).  Consistent with the Supreme Court's directive that a document filed *pro se* is "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), the Court will construe Plaintiff's "Motion to Dismiss" vis-à-vis Defendants NCUA and Hood as a "Notice of Dismissal," pursuant to FRCP 41.  Given that Defendants NCUA and Hood have not filed an answer or motion summary judgment, *see* Docket, Plaintiff may properly dismiss his action without prejudice.  Plaintiff's Notice of Dismissal is hereby approved.  As such, Defendants NCUA's and Hood's Third Motion to Dismiss is denied as moot, and they shall be dismissed from this action.

## CONCLUSION

For the foregoing reasons:

1.  BFCU's Motion to Compel Discovery and for Sanctions (ECF No. 44), is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE;

2.  It is hereby ORDERED that Plaintiff provide full, complete, and sworn answers to all interrogatories and full and complete responses to the request for production of

documents and to deliver or serve the responses and documents to the offices of Defendants' Counsel on or before July 26, 2021;

3.  Defendants BFCU's and Barrett's Motion for Summary Judgment (ECF No. 45), is DENIED WITHOUT PREJUDICE;

4.  It is hereby ORDERED that Plaintiff provide full and complete responses to Defendant BFCU's and Barrett's requests for admission on or before July 26, 2021;

5.  Defendants NCUA's and Hood's Third Motion to Dismiss for Failure to Effect Service of Process (ECF No. 62), is DENIED AS MOOT;

6.  Plaintiff's Motion to Dismiss without prejudice (ECF No. 66), treated as a notice of voluntary dismissal pursuant to FRCP 41(a) is GRANTED;

7.  Defendants NCUA and Hood are hereby DISMISSED from this action.

A separate order follows.


Date: June 24, 2021 _____/s/_____

J. Mark Coulson
United States Magistrate Judge