IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME WANT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: 1:19-cv-02827-JMC |
| BULLDOG FEDERAL | * | |
| CREDIT UNION et al | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

Jerome Want, a *pro se* Plaintiff, instituted this action, which arises out of a dispute concerning his credit union account.  Notably, for purposes of this opinion, Plaintiff sued Bulldog Federal Credit Union ("BFCU") and David Barrett, President of BFCU (together, "Defendants").[1] (ECF Nos. 6).  The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4.  (ECF Nos. 40; 58).  Now pending before this Court are: (1) Plaintiff's Correspondence (ECF No. 77); (2) Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 79); and (3) Defendants' Motion for Sanctions (ECF No. 80).

The issues have been briefed and no hearing is necessary.  *See* Local Rule 105.6. (D. Md. 2021).  For the reasons more fully explained below: (1) Plaintiff's Correspondence, treated as a motion for voluntary dismissal pursuant to Rule 41, is DENIED; (2) Defendants' Motion to

---

[1] BFCU and Barrett are the only remaining defendants.  The other named defendants have been dismissed from this case.  (ECF Nos. 23; 24; 68; 69).

Dismiss or, in the Alternative, for Summary Judgment is DENIED as moot; and (3) Defendants'
Motion for Sanctions is GRANTED.

## BACKGROUND

The Court reiterates, and incorporates by reference, the relevant background set out in its
June 24, 2021 Memorandum Opinion ("June 24 Memorandum Opinion").  (ECF No. 68 at 2–4).
Additional background information is included below.

Following the June 24 Memorandum Opinion, the Court ordered that Plaintiff provide
"full, complete, and sworn answers to all interrogatories and full and complete responses to the
request for production of documents and to deliver or serve the responses and documents to the
offices of Defendants' Counsel," as well as "full and complete responses to Defendant BFCU's
and Barrett's requests for admission *on or before July 26, 2021*."  (ECF No. 69 at 1) (emphasis
added).  In a letter dated July 5, 2021, Plaintiff expressly acknowledged receipt of the Court's
Memorandum Opinion and Order.  (ECF No. 70 at 1).  In that same letter, Plaintiff petitioned the
Court to require Defendants to provide additional discovery, order that defense counsel forward
its discovery requests again, and preclude defense counsel from asking "unnecessary questions"
within those requests.  *Id.* at 2.  The Court directed Defendants to respond to Plaintiff's letter.
(ECF No. 71).  Defendants complied.  (ECF No. 73).  Plaintiff filed a second letter correspondence
dated July 8, 2021, which sought to "preserve [Plaintiff's] right to discovery."  (ECF No. 72 at 1).
The Court again directed Defendants to respond, (ECF No. 74), and Defendants again complied.
(ECF No. 75).

On July 13, 2021, the Court issued an Order resolving Plaintiff's correspondences and
reiterating that Plaintiff needed to comply with his discovery obligations by July 26, 2021.  (ECF
No. 76 at 3) ("Pursuant to the Court's June 24, 2021 Memorandum Opinion and Order, Plaintiff is

reminded of the July 26, 2021 deadline" to respond to, complete, and deliver Defendants' discovery requests).

Three days later, by letter correspondence dated July 16, 2021, Plaintiff purported to "WITHDRAW[] HIS COMPLAINT <u>WITHOUT</u> PREJUDICE, thereby preserving plaintiff's right to refile the complaint, as he <u>will</u> in the near future." (ECF No. 77 at 1) (capitalization and emphasis in original). Defendants filed a response in opposition to Plaintiff's correspondence, which it perceived as a motion to dismiss without prejudice, (ECF No. 78). Additionally, due to Plaintiff's failure to provide discovery responses as directed, Defendants filed the instant motions. (ECF Nos. 79; 80). On July 28, 2021, the Clerk of the Court issued a Rule 12/56 Notice advising Plaintiff of his right to file a written response to Defendants' Motions within 28 days. (ECF No. 82). The time for Plaintiff to do so has now passed, and the Court has received no such response. *See* Docket.

## STANDARD OF REVIEW

BFCU has again moved for sanctions—namely dismissal—pursuant to Federal Rule of Civil Procedure 37. (ECF No. 80 at 7).

A court has wide discretion to impose a variety of sanctions, including dismissal, when a plaintiff fails to prosecute his or her case, or a party fails to comply with the Federal Rules of Civil Procedure, or a court order. *See* Fed. R. Civ. P. 37(b)[2], 37(d)[3], 41(b)[4]; *see also Link v. Wabash R.R. Co.*, 270 U.S. 626, 629–31 (1962); *Mut. Fed. Savs. & Loan Ass'n. v. Richards & Assocs.*, 872

---

[2] If a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

[3] "The court where the action is pending may, on motion, order [Rule 37(b)(2)(A)(i)–(vi)] sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(ii).

[4] FRCP 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the FRCP] or a court order, a defendant may move to dismiss the action or any claim against it."

F.2d 88, 92 (4th Cir. 1989); *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977); *Hillig v. IRS*, 916 F.2d 171, 174 (4th Cir. 1990). The Fourth Circuit has made clear that "dismissal with prejudice is a 'harsh sanction which should not be invoked lightly.'" *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (citation omitted). Indeed, it is for this reason that dismissal with prejudice is "ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998).

Before a court may impose dismissal as a sanction under Rule 37, the Court must consider the following factors derived from *Wilson*: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92 (citing *Wilson*, 561 F.2d at 503–06); *see also Diamond v. Bon Secours Hosp.*, Civ. No. WMN-09-865, 2010 WL 2696632, at *6–7 (D. Md. July 6, 2010) ("Prior to dismissal under Rule 41(b), the court must consider four similar factors: '(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'") (quoting *Hillig v. IRS*, 916 F.2d 171, 174 (4th Cir. 1990))). Finally, "before dismissing a case with prejudice, the district court must give the noncomplying party a[n] 'explicit and clear' warning of the consequences of failing to satisfy

the court's conditions and orders." *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (citations omitted).[5]

## DISCUSSION

### I.    *Plaintiff's Correspondence Seeking to Withdraw Complaint*

The Court construes Plaintiff's July 16, 2021 correspondence as an attempt to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a).  Plaintiff's request is denied. Under Rule 41, a "plaintiff may dismiss an action without a court order by filing" either: (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (2) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(i)–(ii).  Here, Plaintiff's notice of voluntary dismissal fails to satisfy either option.

First, Defendants jointly Answered Plaintiff's Amended Complaint, *see* (ECF No. 15), and filed, *inter alia*, a motion for summary judgment.  (ECF No. 45).  Thus, Plaintiff's request is improper under Rule 41(a)(1)(i).  Second, only Plaintiff signed the correspondence seeking to withdraw the complaint—i.e., voluntarily dismiss the action—without prejudice.  (ECF No. 77). Not all parties who have appeared, namely BFCU and Barrett, have signed a stipulation of dismissal; in fact, Defendants opposed the motion.  (ECF No. 78).  This deficiency renders Rule 41(a)(1)(ii) inapplicable.  On this point, the Fourth Circuit is clear: "the requirements of Rule

---

[5] The Fourth Circuit has relieved district courts of the clear and explicit warning requirement when exercising the "inherent power to dismiss an action." *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019).  Where a district court exercises such inherent power, it must consider the following:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*Id.*

41(a)(1)(ii) are not met when only one party signs and files a notice of dismissal." *Camacho v. Mancuso*, 53 F.3d 48, 53 (4th Cir. 1995). Accordingly, under Rule 41(a), Plaintiff cannot obtain a voluntary dismissal without prejudice to the right to refile the complaint.

As for granting Plaintiff's request to dismiss this action by this Court's order pursuant to Rule 41(a)(2), that portion of the rule provides in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). While "[t]he primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals," *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007), the purpose of this provision "is freely to allow voluntary dismissals *unless the parties will be unfairly prejudiced*." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted and emphasis added); *see also Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 60 (D. Md. 2008) (citation omitted) ("Although voluntary dismissal under Rule 41(a)(2) should be "freely" given, in considering such a request the court must "focus primarily on protecting the interests of the defendant."). The Fourth Circuit has indicated that "[a] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001).

As set forth more fully in the Court's analysis below, there exists plain legal prejudice to Defendants such that Plaintiff's motion to voluntarily dismiss this action without prejudice is inappropriate under the circumstances. To grant Plaintiff such relief by order of this Court pursuant to Rule 41(a)(2), in light of Plaintiff's continued nonparticipation in discovery and repeated violations of this Court's orders, discussed *infra*, would inflict additional unfair prejudice on Defendants. Accordingly, to the extent Plaintiff's correspondence seeks a voluntary dismissal by Court order, pursuant to Rule 41(a)(2), same is denied.

## II.      *Defendants' Motion for Sanctions*

Next, the Court turns to Defendants' motions.  Defendants argue, and the Court agrees, that each of the *Wilson* factors support the sanction of dismissal with prejudice.

Plaintiff's continued failure to provide sufficient discovery responses, despite continuing to interact with both the Court and defense counsel, constitutes bad faith.  (ECF Nos. 70; 72; 77; 78 at 1–2); *see Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 93 (affirming district court's finding that noncompliance with specific discovery orders amounts to bad faith); *see also Lance v. Megabus N.E., LLC*, Civ. No. PWG-16-3459, 2017 WL 3480800, at *3 (D. Md. Aug. 14, 2017) ("[N]oncompliance with discovery orders supports a finding of bad faith."); *Koontz v. Kimberley*, Civ. No. 1:19-cv-01321-JMC, 2021 WL 1541662, at *5 (D. Md. Apr. 20, 2021).  Here, it is already established that Plaintiff did not satisfactorily participate in discovery by the Court's first discovery deadline of November 25, 2020.  (ECF No. 68 at 7–9).  Still, the Court gave Plaintiff a second opportunity to rectify this non-participation by setting a new discovery deadline of July 26, 2021.  (ECF Nos. 68 at 15–16; 69).  By Plaintiff's own admission, he received and became aware of the new deadline imposed by the June 24 Memorandum Opinion and Order as early as July 5, 2021.  *See* (ECF No. 70 at 1).  Still, Plaintiff opted not to provide discovery responses, all while filing documents in this Court and communicating with defense counsel.  This "pattern of indifference and disrespect to the authority of the [C]ourt" satisfies the first *Wilson* factor.  *Nammack v. Hampstead Pre-Owned*, Civ. No. DKC-19-1798, 2021 WL 3288368, at *3 (D. Md. Aug. 2, 2021) (internal citations omitted).

Second, this Court already determined that Plaintiff's failure to participate in discovery prejudiced the Defendants:

> Plaintiff's conduct has severely prejudiced the Defendants. Plaintiff's failure to produce adequate responses and the requested documents substantially, if not

completely, impedes Defendants' ability to defend this action. Accordingly, because he has failed to produce any legitimate evidence in discovery, it is fair to conclude that he has withheld material evidence. Plaintiff's non-responsive approach to discovery has delayed the ultimate resolution of this action, thereby compounding the prejudice to Defendants, and wasting judicial resources. *See Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92 ("[In] flagrant cases . . . not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct."

(ECF No. 68 at 8). Plaintiff has further delayed the ultimate resolution of this case by failing to provide adequate discovery responses, despite the additional opportunity to do so. *Compare Garnier-Thiebaut, Inc. v. Castello 1935, Inc.*, Civ. No. SDT-17-3632, 2019 WL 6696694, at *6 (D. Md. Dec. 6, 2019) (concluding that "[opposing counsel's] failure to participate in the adversary process" and "failure to work with [opposing counsel] in order to exchange discovery" demonstrated clear prejudice to the moving party), *with Gaske v. Crabcake Factory Seafood H., LLC*, 1:18-CV-02630-JMC, 2021 WL 3188007, at *4 (D. Md. July 28, 2021) (finding that no prejudice existed where "neither Party [sought] to serve additional Interrogatories or Requests for Production of Documents"). Plaintiff has only compounded the patent prejudice to Defendants by continuing to withhold discovery responses. As such, this factor tends to support dismissal.

Third, there is a demonstrated need for "deterrence of the particular sort of noncompliance" at issue in this action. *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92. Plaintiff has failed to comply with multiple orders of this Court, which makes it unlikely that he will comply with any orders from this Court in the future. *See Lance*, 2017 WL 3480800 at *3 (granting motion for sanctions where "plaintiff ha[d] yet to comply with the rules of procedure or Court orders regarding discovery in th[at] case and ha[d] not indicated a likelihood of responding to future discovery requests"). Moreover, "ignoring the direct orders of the court with impunity . . . must obviously be deterred." *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 93; *see also Lance*, 2017 WL 3480800

at *3 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)) ("Deterring egregious acts of noncompliance should prevent future litigants from 'flout[ing] other discovery orders of other District Courts.'").

Fourth, the Court finds that no alternative sanction other than dismissal would be effective; indeed, dismissal is this Court's last resort.  Given the above, Plaintiff has demonstrated that he is unlikely to abide by future orders of this Court short of dismissal.  *See Garnier-Thiebaut, Inc.*, 2019 WL 6696694 at *8 (determining dismissal was the most appropriate sanction because "this Court has repeatedly tried to get [the nonmoving] party to comply but to no avail").

Such a severe sanction is appropriate here because Plaintiff was given an "'explicit and clear' warning of the consequences of failing to satisfy the court's conditions and orders." *Malhotra*, 240 F. App'x at 590.  This Court's June 24 Memorandum Opinion, stated as much: "Plaintiff's continued bad faith conduct and nonparticipation in discovery, if unabated, will result in the future dismissal of his case."  (ECF No. 68 at 9).  The Court continued:

> Plaintiff is specifically forewarned that his continued failure to respond to Defendants' valid discovery requests will result in dismissal of his case.  Of note, district courts have the authority to dismiss cases under Federal Rule of Civil Procedure 37(d) and 41(b), as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991); *Diamond v. Ben Secours Hosp.*, 2010 WL 2696632, at *6 (D. Md. July 6, 2010) (describing Court's powers under 37(d) and 41(b)).  The Court may grant an involuntary dismissal pursuant to either Rule if the *pro se* litigant's refusal to comply with procedural requirements, or court orders, warrants such a sanction.

> Accordingly, to satisfy the Fourth Circuit's "clear warning" requirement, the Court will provide Plaintiff with additional time to fulfill his discovery obligation to Defendants, and to this Court.  Plaintiff must provide full, complete, and sworn answers to all interrogatories and full and complete responses to the request for production of documents and to deliver or serve the responses and documents to the offices of Defendants' Counsel on or before July 26, 2021. Should that fail to occur, BFCU and Barrett may renew their motion.

It is clear that Plaintiff has squandered his final opportunity to participate in this litigation. Instead of providing meaningful discovery, Plaintiff sought to "withdraw[] his complaint" and expressly informed the Court that he "will[,] in the near future" refile this action, which was initially brought on September 25, 2019, and has, since that time, generated several detailed opinions and orders of this Court.  (ECF No. 77 at 1).  To permit Plaintiff to withdraw his complaint and begin anew as a way to subvert this Court's previous orders regarding discovery without any supporting justification would ignore the substantial time and resources already devoted by Defendants to defending this action, and this Court to overseeing it.  Therefore, dismissal with prejudice is warranted.  This determination renders Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Correspondence (ECF No. 77), treated as a motion for voluntary dismissal, is DENIED; Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 79) is DENIED as moot; and (3) Defendants' Motion for Sanctions (ECF No. 80) is GRANTED.

This action is hereby DISMISSED with prejudice.  Clerk is directed to CLOSE this case. The Clerk of the Court SHALL MAIL a copy of this Opinion and accompanying Order to Plaintiff and to defense counsel.  A separate Order follows.


Date: August 30, 2021                              /s/
                                         J. Mark Coulson
                                         United States Magistrate Judge